UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
IRENE KEIRN, AS POWER OF ATTORNEY          :
FOR DARR KEIRN                             :
                                           :
                            Plaintiff,   :   Civil Action No. <u>19-cv-721</u>
                                           :
    -against-                            :
                                           :   **<u>NOTICE OF REMOVAL</u>**
JANSSEN PHARMACEUTICALS, INC.;             :
JANSSEN RESEARCH & DEVELOPMENT LLC;        :
JANSSEN ORTHO LLC;                         :
JOHNSON & JOHNSON;                         :
BAYER CORPORATION;                         :
BAYER HEALTHCARE LLC;                      :
BAYER HEALTHCARE PHARMACEUTICALS INC.;     :
BAYER PHARMA AG;                           :
BAYER HEALTHCARE AG;                       :
BAYER AG                                   :
                                           :
                           Defendants.  :
-------------------------------------------------------------------------x

       Defendants Bayer Corporation, Bayer HealthCare LLC, Bayer HealthCare Pharmaceuticals Inc. ("BHCP"), (collectively "Removing Defendants"), hereby remove this case from the Supreme Court of the State of New York, Niagara County, to the United States District Court for the Western District of New York pursuant to 28 U.S.C. §§ 1441 and 1446, respectfully showing as follows:

       1.      On or about January 11, 2019, Plaintiff Irene Keirn, as Power of Attorney for Darr Keirn ("Plaintiff") filed a Complaint ("Complaint") in the Supreme Court of the State of New York, Niagara County, Index No. E167033/2019 against Janssen Research & Development, LLC ("JRD"), Janssen Ortho LLC ("JO"), Janssen Pharmaceuticals, Inc. ("JPI"), Johnson & Johnson, BHCP, Bayer Corporation, Bayer HealthCare LLC, Bayer HealthCare AG, Bayer Pharma AG and Bayer AG. A true and correct copy of the Complaint is attached as Exhibit A to this Notice of Removal. According to the Complaint, Plaintiff Darr Keirn "sustained injuries and damages," including "life-threatening bleeding," and also suffered "permanent and lasting" "severe and personal injuries" due to ingestion

of the prescription medication Xarelto® manufactured or distributed by some of the Defendants. Compl. ¶ 95.

## **MDL PROCEEDING**

2.　This is one of many product-liability lawsuits filed in federal and state courts around the country concerning Xarelto®, a pharmaceutical product used to reduce the risk of stroke and systemic embolism in patients with nonvalvular atrial fibrillation, treat deep vein thrombosis ("DVT") and pulmonary embolism ("PE"), reduce the risk of recurrence of DVT and/or PE after completion of initial treatment lasting at least 6 months, prevent DVT, which may lead to PE in patients undergoing hip- and knee-replacement surgery, and in combination with aspirin, to reduce the risk of major cardiovascular events (cardiovascular (CV) death, myocardial infarction (MI) and stroke) in patients with chronic coronary artery disease (CAD) or peripheral artery disease (PAD). On December 12, 2014, the Judicial Panel on Multidistrict Litigation ("JPML") concluded that centralization in a single federal-court forum was appropriate for these claims and issued an order establishing MDL Proceeding No. 2592, captioned *In re: Xarelto (Rivaroxaban) Products Liability Litigation*, in the Eastern District of Louisiana. The MDL is for federal actions involving "allegations that plaintiffs suffered severe bleeding or other injuries as a result of taking Xarelto." *In re Xarelto Prods. Liab. Litig.*, 65 F. Supp. 3d 1402, 1405 (JPML 2014). There are many cases pending in the Xarelto MDL proceeding. Removing Defendants will request that the JPML transfer this action to the MDL proceeding.

3.　As explained below, this Court has original subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, and the action may be removed to this Court under 28 U.S.C. § 1441 because (i) there is complete diversity of citizenship between Plaintiff Irene Keirn/Darr Keirn and Defendants, and (ii) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

**DIVERSITY OF CITIZENSHIP**

4. The Complaint names Bayer Corporation, Bayer HealthCare LLC, BHCP, JPI, JRD, JO, Johnson & Johnson, Bayer HealthCare AG, Bayer Pharma AG, and Bayer AG as defendants, each of whom is of diverse citizenship from that of Plaintiff Irene Keirn and Darr Keirn.

5. Based on the allegations of the Complaint, Plaintiff Irene Keirn is, and at the time the Complaint was filed was, a resident and citizen of New York. *See* Compl. ¶ 1. Darr Keirn is a resident and citizen of New York.

6. JRD was and is a limited liability company whose sole member is (and was when the Complaint was filed) Centocor Research & Development, Inc., a Pennsylvania corporation with its principal place of business in Pennsylvania. Thus, JRD is a citizen of Pennsylvania for the purposes of diversity jurisdiction. *See Handelsman v. Bedford Vill. Assoc. Ltd. P'ship,* 213 F.3d 48, 51-52 (2d Cir. 2000) (citing *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) (holding that the citizenship of a limited liability company is determined by the citizenship of its members)).

7. JO was and is a limited liability company whose sole member is (and was when the Complaint was filed) OMJ PR Holdings, a corporation incorporated in Ireland with a principal place of business in Bermuda. Thus, JO is a citizen of Ireland and Bermuda for the purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(e); *see also Cosgrove*, 150 F.3d at 731; *Universal Licensing Crop. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 580 (2d Cir. 2002) (jurisdiction lies where the suit is between "citizens of a State and citizens or subjects of a foreign state" (citing 28 U.S.C. § 1332(a)(2))); *Bayerische Landesbank, New York Branch v. Aladdin Capital Management LLC*, 692 F.3d 42, 49 (2d Cir. 2012).

8. JPI is, and at the time the Complaint was filed was, a Pennsylvania corporation with its principal place of business in New Jersey. Thus, JPI is a citizen of Pennsylvania and New Jersey for the purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c) (for the purposes of determining

citizenship, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

9. Johnson & Johnson is, and at the time the Complaint was filed was, a New Jersey corporation with its principal place of business in New Jersey. Thus, Johnson & Johnson is a citizen of New Jersey for purposes of federal diversity jurisdiction. *See* 28 U.S.C. § 1332(c).

10. BHCP is, and at the time the Complaint was filed was, a Delaware corporation with its principal place of business in New Jersey. Thus, BHCP is a citizen of Delaware and New Jersey for the purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c).

11. Bayer Corporation is an Indiana corporation with its principal place of business in New Jersey. Thus, Bayer Corporation is a citizen of Indiana and New Jersey for purposes of federal diversity jurisdiction. *See* 28 U.S.C. § 1332(c).

12. Bayer HealthCare LLC is, and at the time the Complaint was filed was, a limited liability company whose members are and were Bayer Medical Care Inc., NippoNex Inc., Bayer West Coast Corporation, Bayer Essure Inc., Bayer Consumer Care Holdings LLC, Dr. Scholl's LLC, Coppertone LLC, MiraLAX LLC, and Bayer HealthCare US Funding LLC, none of whom are or were citizens of New York. At the time of filing, the citizenship of each of the members of Defendant Bayer HealthCare LLC for purposes of determining diversity of citizenship (*GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004)) was, and is now, as follows:

    a. Bayer Medical Care Inc., a Delaware corporation with its principal place of business in Pennsylvania;

    b. NippoNex Inc., a Delaware corporation with its principal place of business in New Jersey;

    c. Bayer West Coast Corporation, a Delaware corporation with its principal place of business in New Jersey;

    d. Bayer Essure, Inc., a Delaware corporation with its principal place of business in New Jersey;

e. Bayer Consumer Care Holdings LLC is a Delaware limited liability company, the sole common member of which is Bayer East Coast LLC, and the sole preferred member of which is Bayer HealthCare US Funding LLC; Bayer East Coast LLC is a Delaware limited liability company wholly owned by Bayer US Holding LP, a Delaware limited partnership between Bayer World Investments B.V. and Bayer Solution B.V. Both Bayer World Investments B.V. and Bayer Solution B.V. are Netherlands corporations with their principal places of business in the Netherlands;

f. Dr. Scholl's LLC, a limited liability company, the sole member of which is Bayer HealthCare US Funding LLC. *See* ¶ 12(e);

g. Coppertone LLC, a limited liability company, the sole member of which is Bayer HealthCare US Funding LLC. *See* ¶ 12(e);

h. MiraLAX LLC, a limited liability company, the sole member of which is Bayer HealthCare US Funding LLC. *See* ¶ 12(e);

i. Bayer HealthCare US Funding LLC, a limited liability company, the sole member of which is Bayer World Investments B.V. Thus, Bayer HealthCare US Funding LLC is a citizen of the Netherlands for purposes of determining diversity of citizenship.

Accordingly, Bayer HealthCare LLC, a limited liability company, is a citizen of the same state/countries as its members (*see Zambelli Fireworks Mfg. Co., Inc. v. Wood,* 592 F.3d 412, 420 (3d Cir. 2010)), none of which are, or were at the time the Complaint was filed, citizens of the State of New York.

13. Defendant Bayer Pharma AG is, and at the time the Complaint was filed was, a foreign corporation with its principal place of business in Germany. Thus, Bayer Pharma AG is a citizen of a foreign state for the purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(3).

14. Defendant Bayer AG is, and at the time the Complaint was filed was, a foreign corporation with its principal place of business in Germany. Thus, Bayer AG is a citizen of a foreign state for purposes of federal diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(3).

15. Effective as of July 1, 2016, Bayer HealthCare AG was merged into Bayer AG as universal successor. Bayer AG is, and at the time the Complaint was filed was, a foreign corporation

5

with its principal place of business in Germany. Thus, Bayer AG is a citizen of a foreign state for purposes of federal diversity jurisdiction. *See id.*

16. There is complete diversity among the parties because Plaintiff Irene Keirn is, and Darr Keirn is, a citizen of New York, and none of the Defendants are citizens of that state.

### AMOUNT IN CONTROVERSY

17. Although the Complaint does not demand a specific dollar amount in damages, the amount-in-controversy requirement for diversity jurisdiction is satisfied in this case because, "by the preponderance of the evidence," it is clear from the face of Plaintiff's Complaint "that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(B); *see also id.* § 1332(a).

18. Although the precise nature of the injuries is unclear, Plaintiff alleges that as a result of Darr Keirn's use of Xarelto, he "sustained injuries and damages," including "life-threatening bleeding," which caused "severe and personal injuries that were permanent and lasting in nature." Compl. ¶ 95.

19. Given the nature of the alleged "permanent and lasting" injuries, it is clear that the requirements for federal diversity jurisdiction are met. When analyzing whether the amount in controversy satisfies the requisite jurisdictional requirement, the court must determine whether a defendant has "'prov[ed] to a reasonable probability that the claim is in excess of the statutory jurisdictional amount.'" *In re Rezulin Prods. Liab. Litig*, 133 F. Supp. 2d 272, 295-96 (S.D.N.Y. 2001) (quoting *United Food & Commercial Workers Union v. CenterMark Properties Meridian Sq. Inc.*, 30 F.3d 298, 305 (2d Cir. 1994)); *see also* 28 U.S.C. § 1446(c)(2)(A) (providing that the notice of removal "may assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice . . . permits recovery of damages in excess of the amount demanded).

20. Although Removing Defendants deny Plaintiff's allegations and deny that they are liable to Plaintiff for any alleged injuries, Plaintiff's allegations here of "severe" and "permanent"

injuries plainly place more than $75,000 in controversy. Compl. ¶ 95. Plaintiff alleges that Darr Keirn's ingestion of Xarelto caused "life-threatening bleeding" and "permanent and lasting" injuries. *Id.* Moreover, in addition to compensatory damages, Plaintiff seeks an award for "punitive damages." Compl. at Prayer for Relief. Based on the claimed compensatory damages and punitive damages, upon a good faith belief, the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1446(c)(2).

## **OTHER PROVISIONS**

21. The Complaint was filed on or about January 11, 2019. On May 22, 2019, BHCP, Bayer Healthcare LLC, and Bayer Corporation received, via their registered agent, a copy of the Summons and Complaint received by the New York Secretary of State's office on May 9, 2019. Ex. A.

22. Consent to this removal has been provided by all defendants of whom consent is required. On May 9, 2019, Johnson & Johnson, JRD, and JPI received service of the Summons and Complaint. Defendants Johnson & Johnson, JRD, and JPI have consented to this Notice of Removal. Ex. B.

23. Upon information and belief, the remaining defendants—JO, Bayer AG, Bayer Pharma AG, and Bayer HealthCare AG (which effective as of July 1, 2016, was merged into Bayer AG as universal successor)—have not been served with process in this action.

24. The removal of this action, without waiver of service of the Complaint, is timely because it is in any event, being removed no later than 30 days after service of the Complaint, as required by 28 U.S.C. § 1446(b).

25. The United States District Court for the Western District of New York is the federal judicial district encompassing the Supreme Court of the State of New York, Niagara County, where

Plaintiff originally filed this suit such that this is the proper federal district for removal of this case to federal court. 28 U.S.C. § 1441(a); 28 U.S.C. § 112(d).

26. In accordance with 28 U.S.C. § 1446(a), Removing Defendants attach hereto a copy of all state-court pleadings. *See* Ex. A.

27. Removing Defendants jointly file this Notice of Removal, and consent from the remaining unserved defendants is not required. *See* 28 U.S.C. § 1446(b)(2)(A).

28. Pursuant to 28 U.S.C. § 1446(d), Removing Defendants will file a copy of the original Notice of Removal with the clerk of the Supreme Court of the State of New York, Niagara County. Removing Defendants will serve a copy of this Notice of Removal on counsel for Plaintiff.

29. Removing Defendants do not waive any jurisdictional or other defenses that might be available to them; nor do Defendants waive formal service of the Complaint.

30. Removing Defendants reserve the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendants Bayer Corporation, Bayer HealthCare LLC, and Bayer HealthCare Pharmaceuticals Inc. hereby remove this action from the Supreme Court of the State of New York, Niagara County, to the United States District Court for the Western District of New York pursuant to 28 U.S.C. §§ 1441 and 1446, and state that no further proceedings may be had in the state action.

Dated: June 4, 2019  
New York, New York

Respectfully submitted,

By: /s/ Alan E. Rothman  
  Alan E. Rothman  
  Arnold & Porter Kaye Scholer LLP  
  250 West 55th Street  
  New York, New York 10019  
  T: (212) 836-8000  
  F. (212) 836-8689  
  Alan.Rothman@arnoldporter.com

*Attorneys for Defendants Bayer HealthCare Pharmaceuticals Inc., Bayer Corporation and Bayer HealthCare LLC*